# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN PASQUAL BAND OF MISSION INDIANS, a federally recognized Indian Tribe,<br><br>Plaintiff,<br>vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA GAMBLING CONTROL COMMISSION, an Agency of the State for California, and ARNOLD SCHWARZENEGGER, as Governor of the State of California,<br><br>Defendants. | CASE NO. 06cv0988-LAB (AJB)<br><br>**ORDER**<br><br>**(1) GRANTING CALIFORNIA NATIONS INDIAN GAMING ASSOCIATION LEAVE TO FILE *AMICUS CURIAE* BRIEF; and**<br><br>**(2) DENYING RINCON BAND OF LUISENO MISSION INDIANS LEAVE TO FILE *AMICUS CURIAE* BRIEF**<br><br>[Dkt Nos. 21, 22] |

Plaintiff San Pasqual Band of Mission Indians ("San Pasqual") sues the State of California, the California Gambling Control Commission, and the state Governor in this action seeking a judicial determination of the correct number of gaming device licenses authorized in the aggregate by the State Aggregate Limit formula contained in the 1999 Tribal-State Gaming Compact between San Pasqual and the State. Defendants have filed a Motion To Dismiss plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(7) and Rule 19, calendared to be heard January 22, 2007, alleging all other Compact signatory tribes are necessary and indispensable parties to this action but have not been joined, and purportedly cannot be joined because of their sovereign immunity from suit.

1    The California Nations Indian Gaming Association ("CNIGA") and the Rincon Band of Luiseno Mission Indians ("Rincon") separately move for leave to file *amicus curiae* briefs. CNIGA represents it is a non-profit organization comprised of 68 federally-recognized Indian tribal governments with Indian lands in California, with its core mission to defend tribal government authority in Indian Country within California. It describes its goals as seeking to preserve opportunities to promote tribal economic development, self-sufficiency, and strong tribal governments, as envisaged by Congress in enacting the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 701-21. The IGRA authorized tribal-state gaming compacts such as the one at issue in this litigation.

In consideration of this court's Standing Order regarding leave to file *amicus curiae* briefs, CNIGA has made a persuasive showing that the reasoning in <u>Voices For Choices v. Illinois Bell Telephone Co.</u>, 339 F.3d 542 (7th Cir. 2003), adopted as this court's standard for deciding whether to permit the filing of *amicus curiae* briefs, applied to these circumstances, warrants consideration of the perspectives CNIGA brings to the issues presented in defendants' Motion. Accordingly, CNIGA's request is **GRANTED**.

In contrast, Rincon's request for leave to file its own *amicus curiae* brief does not persuade the court Rincon's contribution to the briefing of the issues would be other than cumulative. CNIGA lists Rincon as a member tribe, as is San Pasqual, so that Rincon's perspectives are adequately represented by San Pasqual and by *amicus curiae* CNIGA. Accordingly, Rincon's request is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 9, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge