UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN PASQUAL BAND OF MISSION INDIANS, a federally recognized Indian Tribe,<br><br>                  Plaintiff,<br>vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA GAMBLING CONTROL COMMISSION, an Agency of the State for California, and ARNOLD SCHWARZENEGGER, as Governor of the State of California,<br><br>                  Defendants. | CASE NO. 06cv0988-LAB (AJB)<br><br>**ORDER GRANTING CALIFORNIA TRIBAL BUSINESS ALLIANCE AND THE RUMSEY BAND OF WINTUN INDIANS LEAVE TO FILE AN *AMICI CURIAE* BRIEF; and**<br><br>[Dkt No. 24] |

Plaintiff San Pasqual Band of Mission Indians ("San Pasqual") sues the State of California, the California Gambling Control Commission, and the state Governor in this action seeking a judicial determination of the correct number of gaming device licenses authorized in the aggregate by the State Aggregate Limit formula contained in the 1999 Tribal-State Gaming Compact between San Pasqual and the State. Defendants have filed a Motion To Dismiss plaintiff's Second Amended Complaint pursuant to FED. R. CIV. P. ("Rule") 12(b)(7) and Rule 19, calendared to be heard January 22, 2007, alleging all other Compact signatory tribes are necessary and indispensable parties to this action but have not been joined, and purportedly cannot be joined because of their sovereign immunity from suit.

///

The California Tribal Business Alliance ("CTBA") and the Rumsey Band of Wintun Indians ("Rumsey") together applied for leave to file a brief as *amici curiae*. CTBA represents it is an association of five federally recognized tribes formed in 2004 to address an array of public policy matters. It lists its members as the Pala Band of Mission Indians, the Paskenta Band of Nomlaki Indians, the Pauma Band of Luiseño Indians, the United Auburn Indian Community, and the Viejas Band of Kumeyaay Indians. CTBA says four of its members are signatories to the first five renegotiated and amended gaming compacts entered into in 2004 with California's Governor Schwarzenegger. Rumsey represents it is the fifth tribe to renegotiate an amended gaming compact with the state. Because of their status, it appears CTBA and Rumsey will be able to provide the Court with valuable briefing from a different perspective than any party or *amicus*.

In consideration of this court's Standing Order regarding leave to file *amicus curiae* briefs, CTBA and Rumsey have made a persuasive showing that the reasoning in <u>Voices For Choices v. Illinois Bell Telephone Co.</u>, 339 F.3d 542 (7th Cir. 2003), adopted as this court's standard for deciding whether to permit the filing of *amicus curiae* briefs, applied to these circumstances, warrants consideration of the perspectives CTBA and Rumsey bring to the issues presented in defendants' Motion. Accordingly, CTBA's and Rumsey's request is **GRANTED**.

**IT IS SO ORDERED**.

DATED: January 18, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge